UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ABRAHAM QUINTANILLA, III** | § | CASE NO. 12-20607 |
| | § | |
| **DEBTOR** | § | |

_____

| | | |
|---|---|---|
| ALEXANDRO RAMIREZ, ROLANDO RAMIREZ, AND ANDREW MAES | § § § | |
| Plaintiffs | § § | |
| v. | § § | ADVERSARY NUMBER _____ |
| ABRAHAM QUINTANILLA, III | § § § | |
| Defendant/Debtor. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT OBJECTING TO DEBTOR'S,
ABRAHAM QUNITANILLA, III,  DISCHARGEABILITY OF DEBT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Alexandro Ramirez, Rolando Ramirez, and Andrew Maes Plaintiffs, and pursuant to  11 U.S.C. §§523(a)(2) and 523(a)(4) and file this Original Complaint Objecting to Debtor's, Abraham Quintanilla, III, Dischargeability of Debt.  In support of their Complaint, Plaintiffs show as follows:

**I. JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this adversary pursuant to 28 U.S.C. §1334.  This adversary proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(J).

2. Venue of this adversary proceeding is proper in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division, under the provisions of 28 U.S.C. § 1409. The Debtor's Chapter 7 bankruptcy is pending in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division.

## II. PARTIES

3. Plaintiffs, Alexandro Ramirez, Rolando Ramirez, and Andrew Maes (hereafter collectively referred to as "Plaintiffs"), are Creditors of Abraham Quintanilla, III.

4. Debtor/Defendant, Abraham Quintanilla, III (hereafter "Debtor"), is an individual who at all times relevant herein has been a resident of Corpus Christi, Nueces County, Texas. Debtor may be served with Summons and a Copy of this Complaint through his attorney of record, Ralph Perez, at The Cavada Law Office, 4646 Corona, Ste. 165, Corpus Christi, Texas 78411.

## III. BACKGROUND

5. On November 21, 2012, Abraham Quintanilla, III (hereafter "Debtor") filed for Chapter 7 bankruptcy in an effort to prevent Creditors from reaching his assets following an unfavorable trial and impending judgment against him (see *Ramirez, et al. v. Iron Tigga, LLC, et al.*; Case No. 07-169-G; 319th Judicial District Court of Nueces County, Texas). In the *Ramirez* case, Plaintiffs filed suit against Debtor for breach of contract, fraud, and breach of fiduciary duty. Following a bench trial, the Court found Debtor liable for all of the claims alleged against him by the Plaintiffs.[1] The Trial Court's judgment made express findings of fraud and wrongful conduct against Debtor, to wit:

---

[1] A copy of the Final Judgment in the Ramirez case is attached hereto as **Exhibit A**.

"The Court finds that Plaintiffs' damages arose out of Defendants', Abraham Quintanilla, III and Iron Tigga, LLC, false pretenses, false representations and actual fraud." (**Exhibit A**; P3, ¶9); and

"The Court finds that Plaintiffs' damages arose out of Defendants', Abraham Quintanilla, III and Iron Tigga, LLC, fraud defalcation while acting in a fiduciary capacity." (**Exhibit A**; P3, ¶10).

6. However, Debtor filed for Chapter 7 bankruptcy on November 21, 2012, unbeknownst to either the Court or Plaintiffs. Final Judgment in the *Ramirez* case was not entered until November 26, 2012. The timing of Debtor's bankruptcy, coupled with the non-dischargeable nature of the impending *Ramirez* judgment, indicates that this bankruptcy was filed in bad faith and solely for the purpose of avoiding Creditors.

7. On February 6, 2013, the United States Bankruptcy Court granted Creditors', Alexandro Ramirez and Rolando Ramirez, Emergency Motion for Retroactive Relief from the Automatic Stay for the purposes of validating and entering the November 26, 2012, judgment in the *Ramirez* case and liquidating Plaintiff's claims (Doc No. 30).[2] This stay was annulled. *Id.*

8. Plaintiff Andrew Maes did not join in the Emergency Motion for Retroactive Relief from the Automatic Stay, as he currently is pursuing an appeal of the District Court's November 26, 2012, judgment. Unlike his co-Plaintiffs, Alexandro Ramirez and Rolando Ramirez, Mr. Maes was unable to attend trial in the *Ramirez* case and, thus, a take-nothing judgment was entered against him. On January 9, 2013, the United States Bankruptcy Court granted Mr. Maes' Motion to Lift Stay so he can pursue his appeal and liquidate his claims against Debtor's Estate (Doc. No. 29).[3]

---

[2] A copy of the signed Order granting Creditors' Emergency Motion for Retroactive Relief from the Automatic Stay (Doc. No. 37) is attached hereto as **Exhibit B**.

[3] A Copy of the signed Order granting Andrew Maes' Motion to Lift Stay (Doc. No. 29) is attached hereto as **Exhibit C**.

## IV. CAUSES OF ACTION

9. In the *Ramirez* case, the District Court found Debtor liable for all claims alleged by Plaintiffs, including fraud and breach of fiduciary duty. These are exceptions to discharge, as specifically stated in Section 523 of the Bankruptcy Code. Section 523(a)(2) prohibits discharge from various types of debt, including for money, property, or services obtained by actual fraud. 11 U.S.C. §523(a)(2). Similarly, Section 523(a)(4) prohibits discharge for fraudulent acts by the Debtor while acting in a fiduciary capacity. 11 U.S.C. §523(a)(4). Plaintiffs seek to establish the nondischargeable nature of Debtor's debt through this Adversary proceeding.

### A. 11 U.S.C. §523(a)(2)

10. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-10 of this Complaint as though fully set forth herein.

11. Plaintiffs are musicians who were part of the Tejano band known as the Kumbia Kings. Debtor induced Plaintiffs to enter Agreements with respect to their membership in the Kumbia Kings. Debtor represented that the Agreements had certain benefits and would generate revenue to the Plaintiffs. However, the Plaintiffs never received the payments, royalties and benefits as represented. Further, despite significant revenue being generated from Plaintiffs' services, Plaintiffs never received accountings as promised. Plaintiffs would not have entered the Agreements if not for Debtor's false representations with respect to the benefits stemming from such Agreements. However, Plaintiffs relied on the misrepresentations and were damaged.

12. Debtor made material misrepresentations of fact that resulted in damages to Alexandro Ramirez in the amount of $393,266.00, and in damages to Rolando Ramirez in the

amount of $393,266.00. These damages arose out of Debtor's false pretenses, false representations, and actual fraud. Such damages are nondischargeable under 11 U.S.C. §523(a)(2).

### B. 11 U.S.C. §523(a)(4)

13. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-12 of this Complaint as though fully set forth herein.

14. Throughout their time as members of the Kumbia Kings, Plaintiffs relied on the advice and counsel of Debtor when entering into and negotiating the Agreements at issue. A special relationship of trust existed between and among the parties. However, this relationship was abused by Debtor, all to the damage of Plaintiffs.

15. Due to the relationship between Debtor and Plaintiffs, Debtor served as Plaintiffs' fiduciary. Debtor breached this fiduciary duty, which resulted in damages to Alexandro Ramirez in the amount of $393,266.00, and in damages to Rolando Ramirez in the amount of $393,266.00. These damages arose out Debtor's fraud defalcation while acting in a fiduciary capacity.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for entry of judgment against Defendants as follows:

1) That the Court hold the debt incurred in connection with the *Ramirez* case nondischargeable pursuant to 11 U.S.C. §523(a)(2) and 11 U.S.C. §523(a)(4); and

2) For such other and further relief as this Court deems just and proper.

Respectfully submitted,

SHOWALTER LAW FIRM

By:   /s/ David W. Showalter
      DAVID W. SHOWALTER
      TBA # 18306500

1117 FM 359, Suite 200
Richmond, Texas 77406
(281) 341-5577
(281) 341-5572 (FAX)

ATTORNEY FOR PLAINTIFFS
ALEXANDRO RAMIREZ, ROLANDO RAMIREZ, AND ANDREW MAES

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the above and foregoing document has been forwarded by electronic transmission to the attorneys and parties in this case who are enrolled in the ECF system and also by electronic transmission to the attorney listed below on February 20th, 2013:

Ralph Perez
The Cavada Law Office
4646 Corona, Ste. 165
Corpus Christi, Texas 78411
(361) 814-6500
(361) 814-8628 (FAX)
ralph.perez@cavadalawoffice.com

      /s/ David W. Showalter
      DAVID W. SHOWALTER