

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
10/21/2013

| | | |
|---|---|---|
| IN RE: | § § | |
| ABRAHAM QUINTANILLA, III | § § | CASE NO. 12-20607-C-7 |
| DEBTOR | § § | CHAPTER 7 |

| | | |
|---|---|---|
| ALEXANDRO RAMIREZ, ROLANDO RAMIREZ, AND ANDREW MAES | § § § § | |
| Plaintiffs | § § | |
| v. | § § | ADVERSARY NO. 13-02002-C |
| ABRAHAM QUINTANILLA, III | § § | |
| Defendant/Debtor. | § | |

### FINAL JUDGMENT GRANTING PLAINTIFFS' ALEXANDRO RAMIREZ AND ROLANDO RAMIREZ MOTION FOR SUMMARY JUDGMENT ON NON-DISCHARGEABLIITY UNDER 11 U.S.C. § 523 (a)(2) AND (a) 4

CAME ON FOR CONSIDERATION Plaintiffs', Alexandro Ramirez and Rolando Ramirez, Motion for Summary Judgment with respect to Defendant's, Abraham Quintanilla, III, dischargeability under 11 U.S.C. § 523(a)(2) and § 523(a)(4). Upon consideration of Plaintiffs' Motion with supporting evidence, and the responses thereto, if any, the Court finds as follows:

1.     Plaintiffs sued Defendant for fraud, *inter alia*, in state district court.  Following a trial on the merits in *Ramirez, et al. v. Iron Tigga, LLC, et al.*; Case No. 07-169-G; 319th Judicial District Court of Nueces County, Texas, a judgment in the amount of

$393,266.00 was entered in favor of each Plaintiff and against Defendant on November 26, 2012.[1]

2. The state district judge, the late Hon. Thomas Greenwell, entered a final judgment which included the following findings, *inter alia*:

**IT IS HEREBY ADJUDGED, ORDERED AND DECREED** that Plaintiffs, Alexandro "Alex" Ramirez and Rolando Ramirez, recover from Defendants, Abraham Quintanilla, III and Iron Tigga, LLC, jointly and severally:

1. Actual damages in the amount of Three Hundred Ninety-Three Thousand, Two Hundred Sixty-six and no/100 Dollars ($393,266.00) payable to Alexandro "Alex" Ramirez;

2. Actual damages in the amount of Three Hundred Ninety-Three Thousand, Two Hundred Sixty-six and no/100 Dollars ($393,266.00) payable to Rolando Ramirez;

3. Pre judgment interest at the rate of 5% per annum from the date the suit was filed on January 12, 2007 through November 16, 2012 in the amount of Two Hundred Thirty Thousand, One Hundred Forty-four and 42/100 Dollars ($230,144.42), plus $107.74 per diem for each day after November 16, 2012 until this judgment is signed.

4. Reasonable and necessary attorney's fees in the amount of $65,000;

5. Court costs; plus

6. Post judgment interest at the rate of 5% per annum on the total of the foregoing from the date of this judgment until the date the judgment is satisfied.

7. An additional $18,000 in attorney's fees in the event there is an appeal

---

[1] This court expressly recognized the validity of the judgment in Case No. 12-20607-C-7, Doc. No. Number 30. A true and correct copy of the Final Judgment is attached as Exhibit A to Doc. No. 30 (the "Final Judgment").

FINAL SUMMARY JUDGMENT ON NON-DISCHARGEABILITY AS TO A. RAMIREZ AND R. RAMIREZ.R1
10-17-13

to the Texas Court of Appeals.

8. An additional $20,000 in attorney's fees in the event there is an appeal to the Texas Supreme Court.

9. The Court finds that Plaintiffs' damages arose out of Defendants', Abraham Quintanilla, III and Iron Tigga, LLC, false pretenses, false representations and actual fraud.

10. The Court finds that Plaintiffs' damages arose out of Defendants', Abraham Quintanilla, III and Iron Tigga, LLC, fraud [and] defalcation while acting in a fiduciary capacity.

11. This is a FINAL JUDGMENT. This judgment finally disposes of all claims against Abraham Quintanilla, III and Iron Tigga, LLC and is appealable.

3. In view of the state District Court's findings that Plaintiffs' damages arose out of Defendant's false pretenses, false representations, actual fraud, and, defalcation while acting in a fiduciary capacity, which findings this Court expressly adopts, this Court has determined that the motion for summary judgment of Plaintiffs' Alexandro Ramirez and Rolando Ramirez should be granted, and in accordance therewith the Court finds as follows:

a. The debt of Defendant/Debtor to Plaintiff Alexandro Ramirez in the amount of $393,266.00, plus pre and post judgment interest, fees, and costs awarded in the state district court Final Judgment is excepted from discharge pursuant to §523(a)(2)(A).

b. The debt of Defendant/Debtor to Plaintiff Alexandro Ramirez in the amount of $393,266.00, plus pre and post judgment interest, fees, and costs awarded in the state district court Final Judgment is excepted from discharge pursuant to §523(a)(2)(B).

c. The debt of Defendant/Debtor to Plaintiff Rolandro Ramirez in the amount of $393,266.00, plus pre and post judgment interest, fees, and

FINAL SUMMARY JUDGMENT ON NON-DISCHARGEABILITY AS TO A. RAMIREZ AND R. RAMIREZ.R1
10-17-13

    costs awarded in the state district court Final Judgment is excepted from discharge pursuant to §523(a)(2)(A).

  d. The debt of Defendant/Debtor to Plaintiff Rolandro Ramirez in the amount of $393,266.00, plus pre and post judgment interest, fees, and costs awarded in the state district court Final Judgment is excepted from discharge pursuant to §523(a)(2)(B).

  e. The debts owed to Plaintiffs Alexandro Ramirez and Rolando Ramirez as set forth in this Final Judgment are expressly excepted from the Discharge of Debtor, entered by this Court dated September 5, 2013, Document No. 65, in Case No. 12-20607, and such debts remain enforceable against Debtor Abraham Quintanilla, III.

Dated: __10/21__, 2013.

_____
RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE

FINAL SUMMARY JUDGMENT ON NON-DISCHARGEABILITY AS TO A. RAMIREZ AND R. RAMIREZ.R1
10-17-13